IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DJIBY MBAYE,**

    **Petitioner,**                        **CASE NO. 2:11-CV-1015**
                                               **JUDGE ALGENON L. MARBLEY**
    **v.**                                   **Magistrate Judge E.A. Preston Deavers**

**COREY PRICE,**
**DISTRICT DIRECTOR, I.C.E.,**

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserts he is being unconstitutionally detained by the United States Department of Homeland Security, Immigration and Customs Enforcement (hereinafter "ICE") pending his deportation to Senegal. This matter is before the Court on Respondent's *Motion to Dismiss*. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss*, Doc. 5, be **DENIED** and Respondent be **DIRECTED** to respond to Petitioner's claim within twenty (20) days.

## FACTS and PROCEDURAL HISTORY

Petitioner, Djiby Mbaye, a citizen of Senegal, entered the United States in July 2002 with a visitor's Visa and applied for asylum. Upon his conviction for attempted rape, Mbaye served four years incarceration. On January 11, 2011, he was released from this sentence, but detained by Immigration and Customs Enforcement ("ICE") pending his removal to Senegal while ICE attempted to obtain travel documents from the Senegalese Embassy. *See Petition; Exhibits to Motion to Dismiss*. On November 10, 2011, Maybe was placed on supervised release and filed the instant petition for a writ of habeas corpus. *See Exhibit 1 to Motion to Dismiss*.

Petitioner complains that he is being unreasonably and unconstitutionally detained by ICE

without a significant likelihood of his removal in the foreseeable future because the Senegal government does not ordinarily issue travel documents. He requests release from the custody of ICE. Respondent seeks dismissal of this habeas corpus petition based on lack of subject matter jurisdiction; arguing that this action is moot, as Petitioner has been released from incarceration; and because Petitioner has failed to file his § 2241 action against the proper respondent.

## JURISDICTION

Respondent contends this Court lacks subject matter jurisdiction because Petitioner is challenging the process through which ICE is attempting to remove him from the United States. Respondent submits that under the REAL ID Act, the United States Courts of Appeals have sole jurisdiction and exclusive judicial review of removal proceedings. This Court is not persuaded by this argument. Where a habeas corpus petitioner challenges solely his continued detention, and not the underlying final order of removal, the case is not properly transferred to the United States Court of Appeals. *See Kellici v. Gonzales,* 472 F.3d 416, 419 (6th Cir. 2006)(legislative history of the REAL ID Act indicates it was not intended to preclude habeas review of challenges to detention that are independent of challenges to removal orders)(quoting *Hernandez v. Gonzales*, 424 F.3d 42, 42-43 (1st Cir. 2005)).

Here, Petitioner does not raise any challenge to his final order of removal. Instead, he complains that ICE has unconstitutionally continued to hold him in custody without any foreseeable likelihood of removal. Such a claim is properly addressed by this Court in § 2241 proceedings. *See Cheung v. Mukasey*, No. 1:09cv-1049, 2009 WL 929010, at *2 (W.D. Mich. April 3, 2009)(citing *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001); *Ly v. Hansen*, 351 F.3d 263, 266 (6th Cir. 2003).

**MOOTNESS**

Respondent next argues that Petitioner's habeas corpus petition is moot, because Petitioner is no longer incarcerated, and on November 10, 2011, was released under an Order of Supervision. The United States Court of Appeals for the Sixth Circuit in *Rosales-Garcia v. Holland*, 322 F.3d 386, 395 (6th Cir. 2003), specifically rejected this argument as it applies to habeas corpus petitions involving immigration proceedings. *See also Berry v. Adducci*, No. 10-10969, 2010 WL 2105130, at 2-3 (E.D. Mich. May 25, 2010)(citing *Jones v. Cunningham*, 371 U.S. 236, 243 (1963); *DePompei v. Ohio Adult Parole Authority*, 999 F.2d 138, 140 (6th Cir. 1993); *Sevier v. Turner*, 7412 F.2d 262, 269 (6th Cir. 1984)). A petitioner subject to a final order of deportation is considered to be "in custody" for purposes of habeas corpus relief, even if he is not in the physical custody of the immigration agency, because he is subject to the restriction of movement resulting from "any final order of deportation." *Berry v. Adducci*, 2010 WL 2105130, at *3 (citations omitted). An "alien subject to a final order of removal and who is not in the physical custody of INS may file an application for habeas relief under 28 U.S.C. § 2241." *Lemeshko v. Wrona*, 325 F.Supp.2d 778, 782-83 (E.D. Mich. 2004)(citations omitted).

Because Petitioner remains under an Order of Supervision and subject to removal by ICE, the action is not moot due to his release from incarceration.

**PROPER RESPONDENT**

Respondent also seeks dismissal of this action on the basis that Petitioner has failed to name the proper respondent. Respondent argues that Corey Price, the District Director of ICE, is not Petitioner's custodian since Petitioner is not in the immediate custody of Price.

The United States Court of Appeals for the Sixth Circuit rejected this argument in *Roman*

3

*v. Ashcroft,* 340 F.3d 314, 320 (6th Cir. 2003), holding that while a detained alien "filing a habeas corpus petition should generally name as a respondent the person exercising daily control over his affairs," this person "is either the warden of the facility where the alien is detained or the INS District Director of the district where the alien is being detained." *Id*. (footnote omitted). In so holding, the Sixth Circuit stated, "[w]e conclude that although the warden of each detention facility technically has day-to-day control over alien detainees, the INS District Director for the district where a detention facility is located 'has power over' alien habeas corpus petitioners." *Id*. (citation omitted). **WHEREUPON**, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss*, Doc. 5, be **DENIED** and Respondent be **DIRECTED** to respond to Petitioner's claim within twenty (20) days of any entry of the District Judge adopting this recommendation.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court

adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                               *s/ Elizabeth A. Preston Deavers*
                                               **UNITED STATES MAGISTRATE JUDGE**

**Date:  March 9, 2012**