**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DJIBY MBAYE,**

    **Petitioner,**                      **CASE NO. 2:11-CV-1015**
                                               **JUDGE ALGENON L. MARBLEY**
    **v.**                                 **MAGISTRATE JUDGE E.A. PRESTON DEAVERS**

**COREY PRICE,
District Director, I.C.E.,**

    **Respondent.**

**OPINION AND ORDER**

On March 9, 2012, the Magistrate Judge issued a *Report and Recommendation* recommending that Respondent's *Motion to Dismiss* be denied and Respondent be directed to file a Return of Writ in response to Petitioner's claims within twenty-one days. (Doc. 8). Respondent has filed objections to the Magistrate Judge's *Report and Recommendation*. (Doc. 90). For the reasons that follow, Respondent's objections are **SUSTAINED**. Respondent's *Motion to Dismiss* (Doc. 5), is **GRANTED.** This action is hereby **DISMISSED.**

Although being advised of the right to object to the Magistrate Judge's *Report and Recommendation*, and of the consequences of failing to do so, Petitioner has filed no objections. The record reflects that the *Report and Recommendation* was mailed to Petitioner at the address he provided in the Petition. Petitioner, however, has an affirmative duty to notify the Court of any change in address. *See Barber v. Runyon*, No. 93-6318, 1994 WL 163765, at *1 (6th Cir. May 2, 1994) ("If [pro se litigant's] address changed, she had an affirmative duty to supply the court with notice of any and all changes in her address."); *see also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues . . . there is no cause for extending this margin to straightforward procedural

requirements that a layperson can comprehend."); *Walker v. Cognis Oleo Chem., LLC,* No. 1:07cv289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010).

Petitioner, Djiby Mbaye, a citizen of Senegal, filed the instant *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Petitioner Mbaye asserts he is being unreasonably and unconstitutionally detained by ICE without significant likelihood of removal in the foreseeable future.  He requests release from custody of ICE.

Respondent objects solely to the Magistrate Judge's recommendation that the *Motion to Dismiss* this action be denied on the basis that Mbaye's habeas corpus petition is moot.  Respondent argues that this action is moot, because on November 10, 2012, prior to the filing of his habeas corpus petition, ICE released Mbaye from continued physical detention placing him under an *Order of Supervision.  See Exhibits to Objections*.  Respondent thus argues that the relief Petitioner requests, and the only relief to which he is entitled under *Zadvydas v. Davis*, 533 U.S. 678 (2001), *i.e.*, his release from continued physical custody, thereby already has been effectuated, rendering this action moot.

Petitioner's habeas corpus petition suggests that he remains in the physical custody of Respondent and indicates that the relief he seeks is to be released from detention under an *Order of Supervision*.  *Petition*, at 4.  The exhibits attached to Respondent's objections indicate Petitioner remains subject to a *Final Removal Order* and interim *Order of Supervision. Exhibits to Objections.* These document suffice to invoke habeas corpus jurisdiction of the federal courts.  *See Berry v. Adducci*, No. 10-10969, 2010 WL 2105130, at *2-3 (E.D. Mich. May 25, 2010)(citing *Rosales-Garcia v. Holland*, 322 F.3d 386, 395 (6th Cir. 2003)).  That said, Respondent correctly notes, Petitioner already has obtained the relief he seeks.  The record now reflects Petitioner likewise has

obtained the relief authorized under *Zadvydas*, 533 U.S. at 696 ("we nowhere deny the right of Congress to remove aliens, to subject them to supervision with conditions when released from detention"):

> [I]f removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions.

*Id*. at 699-700.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For the foregoing reasons, Respondent's objections are **SUSTAINED**.  Respondent's *Motion to Dismiss*, Doc. 5, is **GRANTED**.  This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge

DATED:  September 24, 2012